CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 31, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Serious Business PR, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 3:24-cv-00048 |
| Ancient Drinks, LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on Ancient Drinks, LLC's partial motion to dismiss. (Dkt. 6.)  The motion is fully briefed and ripe for decision.  For the reasons that follow, the court will grant in part, and deny in part, the motion to dismiss.

**I.    Background[1]**

On November 1, 2023, Serious Business PR, LLC ("Serious Business") and Ancient Drinks, LLC ("Ancient Drinks") signed a Services Agreement ("the Agreement") outlining various "obligations to one another."  (Compl. ¶ 14 (Dkt. 1); *see* Ex. A (Dkt. 1-1) [hereinafter "Agreement"].)  The Agreement provided that Ancient Drinks would pay Serious Business a monthly retainer fee of $7,000.00 per month for a term of one year, (Compl. ¶¶ 15, 17; *see* Agreement at 3–4.), as well as equity compensation in the form of "Incentive Units" that would vest every month of the term, (Compl. ¶ 16; Agreement at 3).  Upon full vesting at

---

[1] Facts alleged in the complaint are accepted as true for the purpose of resolving the motion. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

1

Ancient Drinks's current valuation, the Incentive Units would be worth $81,000.00 over the course of the year. (Compl. ¶ 17.) In return, the Agreement provided that Serious Business would perform various "services" as described in an attached "Schedule A Scope of Work" document (the "Services"). (Agreement at 2, 9.) That attachment categorized five Services that would be provided, including "Brand PR + Messaging Development," "Ancient Drinks Product PR/ Media Outreach / Product Seeding," "VIP program development and activation," "Launch Strategy Integration," and "Miscellaneous Communications Consulting." (*Id.* at 9.)

The Agreement also provided how ending the contract would work. Either Serious Business or Ancient Drinks could terminate the Agreement for any reason as long as there was "at least sixty (60) days advance written notice." (Compl. ¶ 24 (emphasis omitted); Agreement at 4.) On top of the notice requirement, if Ancient Drinks wished to terminate the Agreement "without cause" and "within seven (7) months of November 1, 2023," Ancient Drinks agreed to pay an "Early Termination Fee." (Compl. ¶ 25; *see* Agreement at 4.) The Early Termination Fee agreed upon was equal to the retainer fee, $7,000.00, "multiplied by the number of whole months remaining between" the date Ancient Drinks gives notice of termination and a date seven months after November 1, 2023. (Compl. ¶ 26; *see* Agreement at 4.)

On April 23, 2024, Ancient Drinks (through its owner, Josh Rogers) sent Serious Business an email terminating the Agreement. (Compl. ¶ 38; *see* Ex. E (Dkt. 1-5).) Between November 1, 2023 (when the Agreement was signed) and April 23, 2024 (when Ancient Drinks notified Serious Business of its termination), Serious Business generated hundreds of

thousands of dollars in profit for Ancient Drinks. (Compl. ¶ 29.) In addition, Serious Business spent over 600 hours on work for Ancient Drinks, brought on additional team members to handle the demanding workload, and generated the equivalent of almost $400,000.00 in the form of "VIP social media," "press coverage," and "traffic to [Ancient Drinks's] Amazon store." (*Id.* ¶¶ 30–31.) Serious Business also conducted press outreach, created various press placements for Ancient Drinks, and generated various consumer press leads, worth the equivalent of $120,000.00. (*Id.* ¶ 32.)

Serious Business provided work for Ancient Drinks in March and April 2024 but was never compensated. (*Id.* ¶ 34.) And that work continued providing value and generating press leads and social media coverage even after Serious Business's termination by Ancient Drinks. (*Id.* ¶ 35.) Notably, Serious Business created a trade showcase event for Ancient Drinks with the Wall Street Journal, worth an equivalent of $50,000.00, that Ancient Drinks pursued after it terminated the Agreement with Serious Business. (*Id.*)

On June 25, 2024, Serious Business filed a complaint against Ancient Drinks in the U.S. District Court for the Western District of Virginia asserting three causes of action. (*See* Dkt. 1-6 (Civil Cover Sheet); Compl. ¶¶ 37–81.)

In Count I, Serious Business asserts a breach of contract claim against Ancient Drinks. (Compl. ¶¶ 37–52.) Serious Business alleges that it has suffered monetary losses because Ancient Drinks did not provide the sixty-day written notice and did not pay the Early Termination Fee after terminating the Agreement "without cause." (*Id.* ¶¶ 41, 43.) Serious Business claims damages in the amount of $74,737.41 as a result of the breach. (*Id.* ¶ 52.)

In Count II, Serious Business asserts a quantum meruit claim against Ancient Drinks. (*Id.* ¶¶ 53–68.) Serious Business alleges that following its failure to provide the sixty-day notice when terminating the Agreement, Ancient Drinks continued to benefit, solely at Serious Business's expense. (*Id.* ¶ 58.) Serious Business claims that its employees were actively working on projects when Ancient Drinks terminated the agreement, leaving no time for employees to "wrap-up" any of the active projects. (*Id.* ¶¶ 59, 61.) And because there was no time to "wrap-up" the active projects, Serious Business employees "were forced to continue working on projects for [Ancient Drinks] *after* [Serious Business] had already been terminated." (*Id.* ¶ 64.) The work that continued "was not contracted [f]or" and Serious Business was never compensated. (*Id.*) As damages, Serious Business claims that it "deserves reasonable compensation for the additional work that was required of them, amounting to $100,000.00." (*Id.* ¶ 68.)

In Count III, Serious Business asserts an unjust enrichment claim. (*Id.* ¶¶ 69–81.) Serious Business alleges that it provided services beyond what was outlined in the "Scope of Work" and spent almost double the amount of estimated time on services for Ancient Drinks. (*Id.* ¶¶ 70–71.) Additionally, Serious Business claims that during March and April 2024, before Ancient Drinks terminated the Agreement, it actively worked on projects, provided work product, and incurred out of pocket expenses for which it has not been compensated. (*Id.* ¶¶ 75–77.) Serious Business asserts that Ancient Drinks benefitted from its work—"namely the

4

VIP social media, press outreach and Wall Street Journal event"—at Serious Business's expense, and claims damages in the amount of $100,000.00. (*Id.* ¶¶ 79, 81.)[2]

In response to the complaint, Ancient Drinks filed a partial motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6). (Dkt. 6). Ancient Drinks's motion challenges only Serious Business's quantum meruit (Count II) and unjust enrichment (Count III) claims as well as the claim for punitive damages and attorney's fees, without challenging its breach of contract claim (Count I). The motion is fully briefed and ready for review.

## II.   Standard of Review

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). They do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a motion to dismiss for failure to state a claim, "a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing*, 959 F.3d at 616. Evaluation is generally limited to the complaint itself. Fed.

---

[2] In the final paragraph of each count, Serious Business asserted a claim for punitive damages and attorney's fees and costs. (*See id.* ¶¶ 52, 68, 81.)

R. Civ. P. 12(d). However, a court may also examine documents attached to the complaint as exhibits or those explicitly incorporated into the complaint by reference. Fed. R. Civ. P. 10(c); see *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

### III.   Analysis

#### A.  Choice of Law

Federal courts sitting in diversity must apply the choice of law rules of the forum state—in this case, Virginia. See *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Virginia enforces contractual choice of law provisions, "giving them full effect except in unusual circumstances." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999) (citing *Tate v. Hain*, 25 S.E.2d 321, 324 (Va. 1943)). The Agreement includes such a provision, explaining that the contract "shall be governed by, and construed and enforced in accordance with the laws of the State of Virginia." (Agreement at 7.) Therefore, the court will apply Virginia law.

#### B.  Quantum Meruit (Count II)

Virginia law recognizes a cause of action under quantum meruit. The claim exists "[w]here service is performed by one, at the instance and request of another, and . . . nothing is said between the parties as to compensation for such service, the law implies a contract, that the party who performs the service shall be paid a reasonable compensation therefor." *T. Musgrove Constr. Co., Inc. v. Young*, 840 S.E.2d 337, 341 (Va. 2020) (quoting *Mongold v. Woods*, 677 S.E.2d 288, 292 (Va. 2009)). The recovery under quantum meruit "is an award of damages amounting to the reasonable value of the work performed, less the compensation actually received for that work." *Id.*

6

Ancient Drinks argues that Serious Business's quantum meruit claim fails because under Virginia law, there can be "no claim for quantum meruit" where "a binding contract exists between the parties relating to the subject matter of the claim." (Ancient Drinks Br. at 2, 4 (Dkt. 7).)[3] Ancient Drinks correctly states the rule, but in full, the rule "applies only when there is an express, enforceable contract between the parties covering the services for which quantum meruit recovery is claimed." *Mongold*, 677 S.E.2d at 292. Therefore, the court begins by analyzing whether Serious Business has alleged it provided any services as part of its quantum meruit claim outside of those outlined in the Agreement.[4]

According to Ancient Drinks, the Agreement covers the same subject matter as the claim for quantum meruit: the Services provided by Serious Business to Ancient Drinks. (Ancient Drinks Br. at 5.) As support, Ancient Drinks cites several paragraphs in the complaint. First, Ancient Drinks points to the final paragraph of Serious Business's quantum meruit claim which states that Serious Business is entitled to quantum meruit damages "[a]s a result of Defendant's *breach of their contractual duties*." (Compl. ¶ 68 (emphasis added); *see* Ancient Drinks Br. at 5.) Second, Ancient Drinks points to seven other paragraphs within Serious

---

[3] In its response brief, Serious Business accuses Ancient Drinks of misstating this rule "intentionally, and with the aim to deceive the court . . . ." (Serious Business Resp. at 5 (Dkt. 11) (emphasis omitted).) Upon review of the cases however, it is clear that Ancient Drinks stated this rule correctly.

[4] While a plaintiff cannot simultaneously recover in contract and in quasi-contract (through quantum meruit or unjust enrichment theories), it is possible for a plaintiff to plead these causes of action in the alternative. *See Colonna's Shipyard, Inc. v. Coastal Cement Corp.*, No. 2:22cv395, 2023 WL 3321734, at *3 (E.D. Va. May 9, 2023) (citing Fed. R. Civ. P. 8(d)(2)). However, in order to do so, the validity or enforceability of the contract must be in dispute. *McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 809–10 (E.D. Va. 2017) ("Although it makes perfect sense for a plaintiff to plead quasi-contractual claims in the alternative when the applicability or enforceability of the contract is in dispute, the rationale for alternative pleading disappears when neither party contests the applicability or validity of the contract."). Because neither party challenges the validity or enforceability of the Agreement, pleading in the alternative is not an available option.

7

Business's quantum meruit claim which it argues all relate to damages attributable to termination of the Agreement. (Ancient Drinks Br. at 5 (citing Compl. ¶¶ 55–61).)

But several paragraphs in complaint allege services performed by Serious Business that go beyond the scope of the Agreement. Paragraph 63 states that Serious Business spent "numerous hours of additional time" working Ancient Drinks's projects "which were not contracted for . . . ." (Compl. ¶ 63.) And paragraph 64 states that Serious Business continued working on projects after it had been terminated, due to a lack in "wrap-up" time, something that was also not contracted for. (*Id.* ¶ 64.)

Whether there is complete overlap between the Services outlined in the Scope of Work and the services alleged to be provided by Serious Business is admittedly a close question. Some of the services for which Serious Business asserts quantum meruit do appear to be covered by the express agreement. For example, Serious Business claims that it "suffered monetary losses" because Ancient Drinks failed to give at least 60 days advance notice under the Agreement as part of its quantum meruit claim. (*Id.* ¶ 57.) Such monetary losses seem squarely covered by the breach of contract claim. But in two paragraphs, Serious Business alleges that it provided services that "were not contracted for, and for which [it] was not compensated." (*Id.* ¶ 63; *see also id.* ¶ 64.) Taking those factual allegations as true and drawing all reasonable inferences in its favor, Serious Business has stated that at least some alleged services provided lay outside the Agreement. Thus, to the extent that Serious Business alleges services outside the contract in those two paragraphs, the claim survives.[5]

---

[5] While the precise factual overlap between Serious Business's breach of contract claim and quantum meruit claim remains unclear at this stage of the litigation, the court notes that the discovery process will likely resolve whether and to what extent Serious Business provided any services beyond the scope of the Agreement.

Accordingly, Ancient Drinks's motion to dismiss will be denied as to Serious Business's claim of quantum meruit.

## C. Unjust Enrichment (Count III)

Virginia law also recognizes a cause of action under unjust enrichment. To recover under unjust enrichment, a plaintiff must show that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642, 650 (Va. 2020). Just like Virginia law's rule concerning quantum meruit, "[a]n action for unjust enrichment is quasi-contractual in nature and may not be brought in the face of an express contract." *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988). Thus, an unjust enrichment claim is unavailable where an express contract exists that covers the benefits the plaintiff claims to have conferred on the defendant. *See Lion Assocs., LLC v. Swiftships Shipbuilders, LLC*, 475 F. App'x 496, 503 (4th Cir. 2012) (finding unjust enrichment unavailable where "an express contract exists that covers the services it rendered in connection with" the purported benefit). Therefore, the court must analyze whether the benefits that Serious Business claims to have conferred on Ancient Drinks as part of its unjust enrichment claim are covered by the Agreement.

Ancient Drinks argues that the unjust enrichment claim involves various Services provided by Serious Business, and is precluded by the Agreement, which covers the same subject matter. As support, Ancient Drinks similarly points to various paragraphs in the complaint. It first cites paragraph 81, which asserts that "[a]s a result of [Ancient Drinks's]

9

*breach of their contractual duties*, [Ancient Drinks] benefited from [Serious Business's] services." (Compl. ¶ 81 (emphasis added).) Additionally, Ancient Drinks claims that paragraphs 75 through 77 all "seek[] payment for Services invoiced pursuant to the Agreement in March and April of 2024, as well as associated out of pocket expenses." (Ancient Drinks Br. at 5.)

Ancient Drinks's argument is persuasive. Although Serious Business alleged that it "performed services and spent time, above and beyond what was called for in the 'Scope of Work,'" (Compl. ¶ 70), the referenced benefits all fall squarely under the Agreement. First, Serious Business alleges it provided a benefit by spending "almost double the estimated time" on Ancient Drinks-related projects. (*Id.* ¶ 71.) But the benefit of spending time working on projects expressly contracted for is the *exact* subject matter of the Agreement.[6] Second, Serious Business claims that it provided a benefit in the form of "out of pocket expenses incurred during the months of March 2024 and April 2024" that it has not been compensated for. (*Id.* ¶ 77.) But out of pocket expenses are also directly addressed by the Agreement. (*See* Agreement at 3 ("In addition to the Compensation, the Company shall reimburse Agency for its reasonable, out-of-pocket expenses directly related to the Services during the Term . . . .").) Finally, Serious Business claims that it provided benefits to Ancient Drinks in the form of "VIP social media, press outreach and [a] Wall Street Journal event." (Compl. ¶ 79.) These

---

[6] Although Serious Business alleges that it spent "over 600 hours" on Services for Ancient Drinks and that the "Scope of Work provided for 320 hours over the course of 6 months," (Compl. ¶ 30), the Scope of Work attached to the complaint contains no such limitation, (*see* Agreement at 9.) In addition, the Agreement provides that Serious Business would be "responsible for the execution of all agreed Services set forth" in the Scope of Work, without any qualification or mention of the number of hours to be spent. (*Id.* at 2.) When there is a conflict between the bare allegations in the complaint and an attached exhibit like the Agreement or Scope of Work, "the exhibit prevails." *See Goines*, 822 F.3d at 166 ("[I]f a breach-of-contract plaintiff alleges a failure to perform an act required by the contract, the contract's description of the defendant's duties will prevail over the plaintiff's contrary characterization.").

10

purported benefits likewise fall under the Services outlined in the Scope of Work. (See Agreement at 9 (detailing Services related to "VIP program development and activation," "Event consultation + oversight (press previews + launch events/tastings)" and "outreach strategy for key near term activations").) Because all the purported benefits under Serious Business's unjust enrichment claim are covered by the express agreement, the claim is unavailable. *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 655 (W.D. Va. 2006) (finding unjust enrichment claim unavailable because any benefits the plaintiff alleged to have conferred on the defendants were governed by the express agreement).

Accordingly, Ancient Drinks's partial motion to dismiss will be granted as to Serious Business's claim of unjust enrichment.

### D.  Punitive Damages and Attorney's Fees

In the final paragraph of each count, Serious Business requests "punitive damages" and "attorneys' fees and costs." (*See* Compl. ¶¶ 52, 68, 81.)

Ancient Drinks argues that, under Virginia law, Serious Business's claims for punitive damages are not recoverable absent a willful, independent tort. (Ancient Drinks Br. at 6.) It also argues that attorney's fees are not available without a statutory or contractual basis providing for such an award. (*Id.*) Serious Business concedes those points in its response, stating that "[t]he issue on attorney's fees and punitive damages raised by [Ancient Drinks] is correct and the point is well taken." (Serious Business Resp. at 8.)

Ancient Drinks is correct on both fronts. Virginia law requires proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract, in order to claim punitive damages. *Kamlar Corp. v. Haley*, 299 S.E.2d 514, 518 (Va. 1983). Serious

11

Business has not alleged any such tort in its complaint. And because "both quantum meruit and unjust enrichment rely on a contractual theory," Serious Business is similarly not entitled to punitive damages on these state law claims. *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 478 (E.D. Va. 2014); *Bo v. Ruitang*, No. 1:23-cv-79 (RDA/JFA), 2023 WL 5615994, at *13 (E.D. Va. Aug. 30, 2023) (finding that plaintiff is not permitted to recover punitive damages with respect to unjust enrichment claim).

As for attorney's fees, Virginia adheres to the "American Rule," which creates a presumption that "absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." *Mullins v. Richlands Nat. Bank*, 403 S.E.2d 334, 335 (Va. 1991). Serious Business points to no such contractual or statutory provision.

Accordingly, Ancient Drinks's partial motion to dismiss will be granted as to Serious Business's claim for punitive damages and attorney's fees.

### IV. Conclusion

For the foregoing reasons, Ancient Drinks's partial motion to dismiss for failure to state a claim (Dkt. 6) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Count III, the unjust enrichment claim, as well as any claim to punitive damages and attorney's fees. The motion is **DENIED** as to Count II, the quantum meruit claim, to the extent allegations fall outside the scope of the express contract. An appropriate Order will follow.

**ENTERED** this 31st day of October, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE